United States v. Hippolite

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March, two thousand fourteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                      *Appellee,*

            -v-                                        13-1478-cr

JESSE HIPPOLITE,

                      *Defendant-Appellant.*

_____

Appearing for Appellant:     David A. Lewis, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:      Amy Busa, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, Tyler Smith, Assistant United States Attorney, *on the brief*), Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jesse Hippolite appeals from the April 15, 2013 judgment of conviction of the United States District Court for the Eastern District of New York (Mauskopf, *J.*) following his guilty plea to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced principally to 151 months' imprisonment. Hippolite asserts that the government breached its obligations under the plea agreement, which required the government to "make no motion for an upward departure under the Sentencing Guidelines." We disagree. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review interpretations of a plea agreement de novo," and to determine whether a plea has been breached, we look to "the reasonable understanding of the parties as to the terms of the agreement." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002) (internal alteration and quotation marks omitted). We acknowledge that, in response to Hippolite's arguments that his extraordinary potential for rehabilitation militated for a downward departure, the government asserted that his guidelines range of 151 to 188 months "understate[d]" Hippolite's criminal conduct, as it did not include accountability for 16 bank robberies he committed, and that the government's memorandum noted the PSR's assertion that "this is a ground[] for an upward departure."

Nonetheless, the government explicitly stated in the memorandum that it "is not advocating for an above guidelines sentence." It contends the sole purpose of the statements on which Hippolite relies was to rebut Hippolite's contention that he should receive a below-guidelines sentence. It is true that we have in the past found that the government may breach its obligations not to seek upward departures based on arguments that the government put before the sentencing court, notwithstanding the fact that at the time the government had disclaimed seeking an upward departure. *See United States v. Vaval*, 404 F.3d 144, 153 (2d Cir. 2005). In so doing we noted that statements "acknowledg[ing] . . . that the plea agreement" prohibits certain government conduct would not "insulate the government against a finding of breach if in fact what was said constituted an argument about . . . whether to upwardly depart." *Id.* at 153. But those cases involve prosecutorial conduct far more extreme than that the government displayed here—for example, a government statement to the effect that it believed the court could "technically . . . make an upward departure." *Id.*

We have considered the remainder of Hippolite's arguments and consider them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2